IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MUDWORKS POTTERY LLC,<br>            Plaintiff,<br>v.<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A<br>            Defendants. | Civil Action No. 1:25-cv-02593 |

## COMPLAINT

Plaintiff MudWorks Pottery LLC, ("Plaintiff") hereby brings the present action against the Partnerships and Unincorporated Associations identified in Schedule A attached hereto (collectively, "Defendants") and alleged as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under the Defendant aliases and/or the online marketplace accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products that are infringing versions of Plaintiff's copyrighted work. Each of the Defendants have

1

targeted Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products that are infringing versions of Plaintiff's federally registered copyrighted works to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) because Defendants are foreign entities residing in China and have committed acts of copyright infringement in this judicial district, do substantial business in the judicial district.

4. Joinder is proper in this matter as there are common questions of law or fact arising out of the same transaction, occurrence, or series of transactions as the Defendant Internet Stores—many of which are similarly if not sequentially named—are offering the same infringing products on the same platform, using identical or nearly identical infringing images—and appear to be acting in concert to operate the different e-commerce store fronts to offer infringing products which are identical to Plaintiff's copyrighted works.

## INTRODUCTION

5. Plaintiff, MudWorks Pottery LLC, is the owner of a United States Copyright Registration (the "MudWorks Work") that protects the creative content of Plaintiff's sculpture (**Exhibit 1**). The asserted MudWorks Work is attached hereto as **Exhibit 1**. The Registration is valid, subsisting, and in full force and effect.

6. This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill, and valuable copyright by selling and/or offering for sale products in connection with Plaintiff's sculpture. Defendants are selling unauthorized products that are based on and derived from the copyrighted subject matter of Plaintiff's sculpture.

2

In an effort to illegally profit from the creative content of the MudWorks Work, Defendants have created numerous Defendant Internet Stores and designed them to appear to be selling authorized products copying the MudWorks Work.

7. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendants' piracy of the MudWorks Work. Plaintiff has been and continues to be irreparably damaged through loss of control over the creative content of the valuable copyright, reputation, goodwill, the quality, and ability to license as a result of Defendants' actions and seeks injunctive and monetary relief.

8. The rise of online retailing, coupled with the ability of e-commerce sites to hide their identities, has made it nearly impossible for policing actions to be undertaken by Plaintiff because taking advantage of takedown procedures to remove infringing products would be an ineffective and endless game of whack-a-mole against the mass piracy that is occurring over the internet. Infringers trade upon Plaintiff's reputation, goodwill, and valuable copyright by selling and/or offering for sale products that copy the MudWorks Work. The aggregated effect of the mass piracy that is taking place has overwhelmed Plaintiff and Plaintiff's ability to police Plaintiff's rights against the anonymous defendants who are selling illegal infringing products at prices below an original.

9. Plaintiff has been and continues to be irreparably harmed through loss of control over Plaintiff's reputation, goodwill, ability to license and the quality of goods featuring the

MudWorks Work. The rise of eCommerce as a method of supplying goods to the public exposes copyright holders that make significant investments in their products to significant harm from counterfeiters.

> Counterfeiting is no longer confined to street-corners and flea markets. The problem has intensified to staggering levels, as shown by a recent Organisation for Economic Cooperation and Development (OECD) report, which details a 154 percent increase in counterfeits traded internationally — from $200 billion in 2005 to $509 billion in 2016. Similar information collected by the U.S. Department of Homeland Security (DHS) between 2000 and 2018 shows that seizures of infringing goods at U.S. borders have increased 10-fold, from 3,244 seizures per year to 33,810.
>
> * * * *
>
> The rise in consumer use of third-party marketplaces significantly increases the risks and uncertainty for U.S. producers when creating new products. It is no longer enough for a small business to develop a product with significant local consumer demand and then use that revenue to grow the business regionally, nationally, and internationally with the brand protection efforts expanding in step. Instead, with the international scope of e-commerce platforms, once a small business exposes itself to the benefits of placing products online — which creates a geographic scope far greater than its more limited brand protection efforts can handle — it begins to face increased foreign infringement threat.
>
> * * * *
>
> Moreover, as costs to enter the online market have come down, such market entry is happening earlier and earlier in the product cycle, further enhancing risk. If a new product is a success, counterfeiters will attempt, often immediately, to outcompete the original seller with lower-cost counterfeit and pirated versions while avoiding the initial investment into research and design.
>
> * * * *
>
> Counterfeiters have taken full advantage of the aura of authenticity and trust that online platforms provide. While e-commerce has supported the launch of thousands of legitimate businesses, their models have also enabled counterfeiters to easily establish attractive "store-fronts" to compete with legitimate businesses.

*See Combating Trafficking in Counterfeit and Pirated Goods,* Jan. 24, 2020, (**Exhibit 2)** at 4, 8, 11.

    10.    Not only are the creators and copyright owners harmed, the public is harmed as well:

> The rapid growth of e-commerce has revolutionized the way goods are bought and sold, allowing for counterfeit and pirated goods to flood our borders and penetrate our communities and homes. Illicit goods trafficked to American consumers by e-commerce platforms and online third-party marketplaces threaten public health and safety, as well as national security. This illicit activity impacts American innovation and erodes the competitiveness of U.S. manufacturers and workers. The President's historic memorandum provides a much warranted and long overdue call to action in the U.S. Government's fight against a massive form of illicit trade that is inflicting significant harm on American consumers and businesses. <u>This illicit trade must be stopped in its tracks</u>.

*Id.* at 3, 4. (Underlining in original).

11. Plaintiff's investigation shows that the telltale signs of an illegal piracy ring are present in the instant action. For example, Schedule A shows the use of store names by the Defendant Internet Stores that employ no normal business nomenclature and, instead, have the appearance of being made up, or if a company that appears to be legitimate is used, online research shows that there is no known address for the company. Thus, the Defendant Internet Stores are using fake online storefronts designed to appear to be selling genuine copies of MudWorks Work, while selling inferior imitations of Plaintiff's MudWorks Work. The Defendant Internet Stores also share unique identifiers, such as design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal piracy operation. Plaintiff is forced to file this action to combat Defendants' infringement of Plaintiff's MudWorks Work, as well as to protect unknowing consumers from purchasing unauthorized products embodying the MudWorks Work over the internet.

12. This Court has personal jurisdiction over each Defendant, because each Defendant conducts significant business in Illinois and in this judicial district. Furthermore, the acts and

events giving rise to this lawsuit were undertaken in Illinois and in this judicial district. In addition, each defendant has offered to sell and ship infringing products into this judicial district.

## THE PARTIES

### Plaintiff MudWorks

13. Plaintiff MudWorks Pottery LLC is the owner of a United States Copyright Registration protecting the creative content of the MudWorks Work (**Exhibit 1**). MudWorks is a design studio creating unique, handmade stoneware in the shadows of the Pocono Mountains. Their products are well known for their decorative designs that resist chipping, and each piece is hand glazed by members of the MudCrew.

14. Mudworks was founded by JoAnn Stratakos, when she was looking for an outlet, and after a year and half apprenticing, she started MudWorks. After starting as a small solo shop, MudWorks has grown to 15 employees creating whimsical pottery and sells their works across the country.

15. MudWorks has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the MudWorks Work. As a result, products associated with the MudWorks Work are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Plaintiff.

16. In an effort to illegally profit from the creative content of the MudWorks Work, Defendants have created numerous Defendant Internet Stores and have designed them to appear to be selling authorized copies of the MudWorks Work.

17. Plaintiff has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in the MudWorks Work.

18. The success of products embodying the MudWorks Work is due in large part to Plaintiff's marketing, promotional, and distribution efforts.

19. As a result of Plaintiff's efforts, the quality of products embodying the MudWorks Work, the promotional efforts for Plaintiff's products, press and media coverage, and social media coverage, members of the public have become familiar with the MudWorks Work and associate them exclusively with Plaintiff.

20. Plaintiff has made efforts to protect Plaintiff's interests in and to the MudWorks Work. No one other than Plaintiff and Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the MudWorks Work without the express written permission of Plaintiff.

**The Defendants**

21. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China, Malaysia, and Ukraine. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell, ready to ship, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Illinois.

22. The success of the MudWorks Work has resulted in significant copying of the creative content protected by Plaintiff's copyright registration. Plaintiff has identified numerous fully interactive websites and marketplace listings on various platforms. Each Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold and continues to sell infringing products that violate Plaintiff's intellectual property rights in the MudWorks Work ("Infringing Products") to consumers within

7

the United States, including the State of Illinois. The Infringing Products are attached to this complaint as **Exhibit 4**.

23. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine versions of the MudWorks Work.

24. The Defendant Internet Stores intentionally conceal the full scope of their piracy operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal operations. Through their operation of the Defendant Internet Stores, Defendants are directly and personally contributing to, inducing, and engaging in the sale of Infringing Products as alleged, often times as partners, co-conspirators, and/or suppliers. Upon information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products.

25. Upon information and belief, at all relevant times, the Defendants in this action have had full knowledge of Plaintiff's ownership of the MudWorks Work, including Plaintiff's exclusive right to use and license such intellectual property and the goodwill associated with the copyright.

26. Defendants often go to great lengths to conceal their identities by often using multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration

patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive pirating operation, and to avoid being shut down.

27. The Infringing Products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

28. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2021 U.S. Customs and Border Protection report on seizure statistics indicated that e-commerce sales accounted for 13.3% of total retail sales with second quarter of 2021 retail e-commerce sales estimated at $222.5 billion. U.S. Customs and Border Protection, *Intellectual Property Right Seizure Statistics*, FY 2021. (https://www.cbp.gov/sites/default/files/assets/documents/2022-Sep/202994%20-%20FY%202021%20IPR%20Seizure%20Statistics%20BOOK.5%20-%20FINAL%20%28508%29.pdf) at 23. A true and correct copy of CBP's FY 2021 report is attached hereto as **Exhibit 3**. In FY 2021, there were 213 million express mail shipments and 94 million international mail shipments. *Id.* Nearly 90 percent of all intellectual property seizures occur in the international mail and express environments. *Id.* at 27. The "overwhelming volume of small packages also makes CBP's ability to identify and interdict high risk packages difficult." *Id.* at 23.

29. Further, infringers such as Defendants, typically operate multiple credit card merchant accounts and third-party accounts, such as PayPal, Inc. ("PayPal") accounts, behind layers of payment

9

gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. Upon information and belief, Defendants maintain offshore bank accounts and regularly move funds from their PayPal accounts to offshore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to foreign-based bank accounts, such as China-based bank accounts, outside the jurisdiction of this Court.

30. Defendants, without any authorization or license, have knowingly and willfully pirated Plaintiff's MudWorks Work in connection with the advertisement, distribution, offering for sale, and sale of illegal products into the United States and Illinois over the internet. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has offered to sell Infringing Products into the United States, including Illinois.

## COUNT I
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 501)

31. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

32. The MudWorks Work has significant value and has been produced and created at considerable expense.

33. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged, including but not limited to the MudWorks Work, including derivative works. The MudWorks Work is the subject of valid Copyright Registration Certificate issued by the Register of Copyrights. (**Exhibit 1**).

34. Each Defendant, without the permission or consent of Plaintiff, has sold and continues to sell online pirated derivative works of the MudWorks Work. Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 *et seq.*).

35. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

36. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

37. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrights and ordering that each Defendant destroy all unauthorized copies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. Using the MudWorks Work or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising,

    offering for sale, or sale of any product that is not an authorized version of the MudWorks Work or is not authorized by Plaintiff to be sold in connection with the MudWorks Work;

  b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the MudWorks Work;

  c. further infringing the MudWorks Work and damaging Plaintiff's goodwill.

  d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the MudWorks Work, and which are derived from Plaintiff's copyright in the MudWorks Work; and

  e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyright in the MudWorks Work;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a.    disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which reproduce the MudWorks Work or are derived from the MudWorks Work, including any accounts associated with the Defendants listed on Schedule A;

    b.    disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which are derived from the MudWorks Work; and

    c.    take all steps necessary to prevent links to the Defendant accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index;

3)    For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

4)    For Judgment in favor of Plaintiff against Defendants for actual damages, including but not limited to Plaintiff's actual damages and all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff up to $30,000 per infringed work and for willful infringement up to $150,000, in an amount to be determined at trial,

5)    That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6)    Award any and all other relief that this Court deems just and proper.

DATED March 12, 2025.                                   Respectfully submitted,

                                                By: */s/ Steven G. Kalberg*
                                                David R. Bennett
                                                Steven G. Kalberg
                                                **DIRECTION IP LAW**
                                                P.O. Box 14184
                                                Chicago, Illinois 60614
                                                Tel: (312) 291-1667
                                                dbennett@directionip.com
                                                skalberg@directionip.com

                                                *Counsel for Plaintiff MudWorks Pottery LLC*